JOSIAH MITCHELL *versus* GEORGE W. KENDALL *& al.*

One, of several individual creditors, who have legally become parties to an assignment, made under statutes of this State, may maintain an action of covenant broken against the assignees, without joining the others; for, though all look to a joint fund for their dividends, the claim of each creditor, either as an individual, or as a firm, is several and not joint.

THIS is an action of COVENANT BROKEN, on an assignment made under the statutes of this State, by D. Y. Kendall to the defendants of all his property for the benefit of such of his creditors as should become parties thereto. The plaintiff alleges in his declaration, that he and certain other creditors of the assignors became parties to the assignment within the time prescribed by law.

The defendants demurred generally to the declaration, and the plaintiff joined in the demurrer. The case was presented to the full Court and heard on the pleadings.

*Shepley & Dana,* argued in support of the demurrer:—

The damage which plaintiff claims of defendants, if inflicted, was inflicted upon all who became such parties, and not on plaintiff alone. The right of action which plaintiff has, if any, is jointly with the others, who, as he says, seasonably became parties thereto.

"It never lies in the option of the covenantees to say whether they shall sue for the breach jointly or severally. They must sue jointly if they can." Parsons on Contracts, vol. 1, p. 14.

Though a covenant be joint and several in the terms of it, yet, if the interest and cause of action be joint, the action must be brought by all the covenantees. *Eccleston* v. *Clipsham,* 1 Saund. 153.

"In general, all contracts, whether expressed or implied, and resulting from the operation or construction of law, are joint where the interest in them of the parties for whose benefit they are created, is joint, and separate where that in-

terest is separate." Parsons on Contracts, vol. 1, p. 14, and cases cited; *Slingsby's case,* 5 Coke, 19.

*Barrows, contra.*

The opinion of the Court was drawn up by

RICE, J. — This is an action of covenant broken, and comes before us on general demurrer to the declaration. The defendants are the assignees of David Y. Kendall, who, on the 14th of September, 1847, assigned his property, under the statutes, for the benefit of such of his creditors as should legally become parties thereto. The plaintiff, in his writ, alleges that he, with others, creditors of said David Y. Kendall, became parties to said assignment, within the time prescribed by law, and charges the defendants with a want of faithfulness and diligence in the discharge of their trust, in not looking after, managing and converting the property assigned into cash, and paying over the proceeds thereof to the plaintiff, according to his just proportion, and also, in paying over to other parties not entitled, &c.

The position assumed in support of the demurrer is that the action should have been joint, in the name of all the covenantees in the assignment.

The rule of law is that the action should follow the interest as disclosed on the face of the deed, without regard to the precise form of the covenant, so that the action must be joint, when the interest in the subject matter of the contract is a joint interest, and several, when the interest of each covenantee is a several interest. Addison on Cont., 267.

When the interest of the covenantees is several, each may sue separately, although the obligation be joint. *Hoskins* v. *Lombard,* 16 Maine, 140.

In general, all contracts, whether express or implied, and resulting from the operation or construction of law, are joint when the interest in them, of the parties for whose benefit they are created, is joint, and separate, when that interest is separate. *Slingsby's case,* 5 Coke, 19; 1 Parsons on Cont., 14, and note.

In this case, though the covenantees looked to a joint fund for their dividends, their claims upon those funds were not joint, but several. Each covenantee, either as an individual or as a firm, presented his several claim against the assignor.

The plaintiff held an individual claim against the assignor, and was in no way connected with his other creditors who became parties to the assignment. His interest is a several, and not a joint interest. *Carter* v. *Carter*, 14 Pick. 424. This is also in accordance with the terms of the assignment.

*Demurrer overruled. Judgment for plaintiff.*

TENNEY, C. J., APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.